**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DODI MARIE HUBER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-232 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| OHIO ADULT PAROLE | : | Magistrate Judge Caroline H. Gentry |
| AUTHORITY, *et al.*, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| | : | |

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT (DOC. NO. 8); GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DOC. NO. 23); AND,
DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT (DOC. NO. 19)**

---

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 8), filed by Defendants Alicia Quinn, Kathleen Weber, and the State of Ohio, Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 23), filed by Defendant Christopher Merrell[1] (together, "Defendants' Motions"), and Plaintiff's Motion for Leave to File Amended Complaint ("Huber's Motion") (Doc. No. 19), filed by Plaintiff Dodi Marie Huber ("Huber"). The most recent of Defendants' Motions was filed on January 28, 2026 (Doc. No. 23), and Huber failed to respond within the time permitted by local rule. Therefore, Defendants' Motions are now ripe for review and decision. Similarly, Huber's Motion was filed on January 13, 2026 (Doc. No. 19), and Defendants failed to respond within the time allotted. Thus, Huber's

---

[1] The Court refers to the named defendants here collectively as the "Defendants."

1

Motion is likewise ripe for review and decision.  For the reasons stated herein, the Court will **GRANT** Defendants' Motions and **DENY** Huber's Motion.

Briefly, Huber has brought suit against Defendants, challenging the conditions of her husband's probation (referred to in the State of Ohio as "post-release control").  (Doc. No. 5 at PageID 50-53.)  In particular, Huber takes issue with a no-contact order imposed against her husband after he was arrested on allegations of domestic violence in 2021.  (*Id.*)  This no-contact order, says Huber, has interfered with her marriage, in violation of her constitutional right to marital association.  (*See id.* at PageID 50.)

By their Motions, Defendants contend that Huber lacks standing to challenge the conditions of her husband's probation.  (Doc. No. 8 at PageID 74-75.)  Standing is a doctrine of limitation "rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The doctrine defines a court's jurisdictional authority to hear a case and the "category of litigants empowered to maintain a lawsuit …." *Id.* (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982); *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).  It is well settled that to establish standing a party invoking a federal court's jurisdiction must satisfy three elements.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  The litigant must show that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338 (citing *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlow Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

Pertinent here, the Supreme Court has defined an injury in fact as an injury that is both "concrete and particularized," and "actual or imminent." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted).  "For an injury to be particularized, it must affect the plaintiff in a

personal and individual way." *Spokeo*, 578 U.S. at 339 (internal citations and quotation marks omitted); *Valley Forge*, 454 U.S. at 472 ("... Art. III requires the party who invokes the court's authority to show that he *personally* has suffered some actual or threatened injury . . ." (emphasis added)) (internal citations and quotation marks omitted).  Moreover, an alleged injury "must actually exist" to be considered concrete. *Spokeo*, 578 U.S. at 340.  By way of example, a plaintiff cannot lay claim to a real and personalized injury by challenging the conditions of someone else's probation, as those conditions and any enforcement thereof are personal to the probationer.  *See Zargarpur v. Townsend*, 18 F. Supp. 3d 734, 737 (E.D. Va. 2013) (citing *Drollinger v. Milligan*, 552 F.2d 1220, 1227 n. 5 (7th Cir. 1977); *Clark v. Prichard*, 812 F.2d 992, 999 (5th Cir. 1987)).

In this matter then, the Court finds that Huber has failed to establish standing to challenge her husband's probation conditions.  Although Huber can plausibly allege that her husband's probation has an indirect effect on her, the fact remains that the conditions of Mr. Huber's probation are personal to him.  Nowhere has Huber alleged, nor does the Court think she plausibly can, that the no-contact order challenged here is being enforced against her.  This is to say that if Mr. Huber's no-contact order is violated, the State of Ohio would pursue legal action against him rather than Huber.  Mr. Huber's conditions of probation are a component of his prior criminal sentence.  Huber can no more claim that the conditions of her husband's probation violate her rights than she could have claimed that Mr. Huber's previous incarceration violated her rights.  If there is a valid challenge to the terms of Mr. Huber's sentence, Mr. Huber must be the one to raise it.  Therefore, Defendants' Motions will be **GRANTED**.

The Court further finds that Huber's proposed amended complaint (Doc. No. 19-1) does not cure the jurisdictional deficiencies of her original Complaint and, accordingly, Huber's Motion is not well-taken. Generally, under Fed. R. Civ. P. 15(a)(2), courts "should freely give leave" to

amend a complaint "when justice so requires."  However, "'[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  Here, Huber's proposed amendment simply rephrases her attack on her husband's conditions of probation. Because Huber does not have standing to levy such a claim, her proposed amended complaint is futile.  Thus, the Court **DENIES** Huber's Motion.

In sum, the Court hereby **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 8), **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 23), and **DENIES** and Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 19).  The Court hereby **DISMISSES** Huber's Complaint (Doc. No. 5) in its entirety and directs the Clerk to **TERMINATE** this action on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, February 23, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

4